(C.D. 3394)

Porsche Car Pacific⎫
Ted L. Rausch ⎬ *v.* United States
⎭

United States Customs Court, Second Division

(Decided April 8, 1968)

*Lawrence & Tuttle* for the plaintiffs.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before Rao, Ford, and Beckworth, Judges

Rao, Chief Judge: The protest listed above relates to certain imported engine flywheels, classified under paragraph 369(c) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as parts of automobiles and, accordingly, assessed with duty at the rate of 10½ per centum ad valorem.

It is the claim of plaintiff herein that said merchandise should have been classified under paragraph 372 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as parts of internal-combustion engines of the carburetor type and assessed with duty at the rate of 8¾ per centum ad valorem.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto, which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the Court that the items marked "A" and initialed JM (Examiner's Initials) by Examiner James Manning (Examiner's Name) on the invoice covered by the protest enumerated above consist of Porsche engine flywheels, assessed with duty at the rate of 10½ per centum ad valorem under Paragraph 369 of the Tariff Act of 1930, as modified by T.D. 54108, as parts of automobiles, which are dedicated for use in internal combustion engines of the carburetor type, which engines are not dedicated for use in automobiles, and are claimed properly dutiable at the rate of 8¾ per centum ad valorem under the provision in Paragraph 372, as modified by T.D. 52739, for parts of internal combustion engines of the carburetor type.

This protest may be deemed submitted on this stipulation, the protest being limited to the items marked "A" as aforesaid.

Upon the agreed statement of facts we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 8¾ per centum ad valorem as parts of internal-combustion engines of the carburetor type, as provided in said paragraph 372, as modified. The claim in the protest to that extent is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.